UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ELIZABETH JOHNSON,                    MEMORANDUM AND ORDER

                                                              18 Civ. 4585 (BMC)

                Plaintiff,

      -against-

STATE ATTORNEY GENERAL; JUDGE
WILLIAMS E. GARNETT; JUDGE KAREN
WOLFFE; MICHAEL McMAHON, District
Attorney; ACS DEPARTMENT CHILDRENS
SERVICE; PROBATION DEPARTMENT,

                Defendants.
----------------------------------------------------------------x
COGAN, District Judge:

      Plaintiff, Elizabeth Johnson, currently being held at the Rose M. Singer Center at Rikers Island, brings this action under 42 U.S.C. § 1983.[1] Plaintiff's application to proceed *in forma pauperis* is granted. For the reasons discussed below, the complaint is dismissed and plaintiff is granted 20 days leave from the date of this Order to file an amended complaint.

## BACKGROUND

      Plaintiff's complaint is largely disjointed and rambling. Liberally viewed, it appears that plaintiff is currently being held on Riker's Island pursuant to a Richmond County Supreme Court probation violation, perhaps for failing to complete community service requirements or to pay court-ordered restitution, or both. Plaintiff states that she has previously been involved in a Family Court action regarding the removal of her daughter and prior criminal actions involving

---

[1] The Court notes that on February 23, 2018, plaintiff, who was not incarcerated at that time, filed a complaint seeking to stop state court criminal proceedings. See Johnson v. D.A. Office, No. 18 Civ. 1205. On February 27, 2018, the Court dismissed plaintiff's complaint and granted her 20 days leave to file an amended complaint. Plaintiff failed to respond. On April 2, 2018, the Court dismissed the complaint. On April 25, 2018, the mail was returned to the Court as undeliverable.

assault, grand larceny, and falsifying documents, but she does not offer any cogent facts related to those events. Plaintiff does offer a more coherent description of events that allegedly occurred during plaintiff's time at Riker's Island. In the injuries section of her form complaint, plaintiff states:

> I sustained a broken arm by force when the captain Robert's 1429 ordered a male officer including a female officer to hand cuff my hand which was done with force, right there I yelled in pain my hand and I walked on my tip toes in pain from 4EB to intake . . . and they refused to take me to emergency and they take me back upstairs once they left I called 311. After that they turn me back downstairs to an x-ray . . . .

Compl. at 14.[2] Plaintiff attaches copies of medical records, including photocopies of x-rays that were taken of her forearm on May 7, 2018, but these records indicate that plaintiff suffered from an old fracture deformity and trauma, and that the examining doctors did not find any acute fractures on plaintiff's arm. Id. at 18, 20.

Plaintiff seeks money damages, and asks the Court to request a video from her lawyer as evidence against the probation officer, District Attorney, and judge who allegedly forced her to take a plea deal in connection with her criminal assault case. Id. at 54, 58.

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b);

---

[2] All page numbers refer to the pagination generated by the CM/ECF system.

Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

First, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). A court

3

may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Here, plaintiff fails to allege any substantive factual allegations in support of any claims.

Second, in a civil rights action for monetary damages, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991); Holmes v. Kelly, No. 13 CV 3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014); Kneitel v. Hynes, No. 11 CV 2883, 2011 WL 2747668, at *2 (E.D.N.Y. July 13, 2011). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

Third, to the extent plaintiff may seek to bring claims against any judges involved in her criminal or family court proceedings, such claims would likely be foreclosed by absolute immunity. See Mireles v. Waco, 502 U.S. 9, 11 & n.1 (1991) (noting that a judicial officer in the performance of his or her duties has absolute immunity from suit for money damages, but not from criminal liability, prospective injunctive relief, or attorney's fees authorized by statute); Shtrauch v. Dowd, 651 F. App'x 72, 73-74, 2016 WL 3212180, at *1 (2d Cir. 2016) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.") (quoting Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009)) (internal quotation marks omitted). Likewise, to the extent plaintiff seeks to bring a claim against the district attorney involved in her criminal proceedings, it is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity

from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citations omitted). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction, which is not the case here. Shmueli, 424 F.3d at 237.

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim and because plaintiff seeks damages from defendants who are immune from suit. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In light of this Court's duty to liberally construe *pro se* complaints and in an abundance of caution, plaintiff is given 20 days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, the amended complaint must set forth the factual allegations to support her claims against each named defendant in a clear and concise manner. Plaintiff should also state why she is currently being held at Riker's Island and the status of any state court criminal proceedings against her. Plaintiff must identify the defendants in both the caption and the body of the amended complaint, and name as proper defendants individuals who have some personal involvement in the actions she alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event to the best of her ability. Even if plaintiff does not know the name of the individual, she may identify the individual as John or Jane Doe, along with descriptive

information and place of employment (for example, Correction Officer John or Jane Doe).[4] Plaintiff cannot rely on attachments or exhibits to support her claims.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. The Clerk of Court is directed to send a prisoner's civil rights complaint form to plaintiff. If plaintiff fails to comply with this order within the time allowed, or cure the deficiencies discussed herein, judgment shall enter dismissing the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                          U.S.D.J.

Dated: Brooklyn, New York
       August 18, 2018

---

[4] To the extent plaintiff may seek to bring a claim for money damages under 42 U.S.C. § 1983 stemming from any criminal conviction, under § 1983 "plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). To the extent plaintiff seeks for this Court to intervene in any ongoing state court criminal proceedings, the Court cannot do so. In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court held that federal courts should abstain from granting injunctive relief against a state criminal prosecution instituted in good faith unless certain exceptions are met. In Sprint Commc'ns, Inc. v. Jacobs, 134 S.Ct. 584, 591-92 (2013) the Supreme Court held that the Younger doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Commc'ns, 134 S.Ct. at 588 (internal quotation marks omitted); see id. at 591 ("We have not applied Younger outside these three 'exceptional' categories, and today hold ... that they define Younger's scope.").