```
UNITED STATES DISTRICT COURT                                          C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
   ELIZABETH JOHNSON,                                    :
                                                         :
                          Plaintiff,                     :
                                                         :
   - against -                                           :
                                                         :   MEMORANDUM DECISION AND
   STATE ATTORNEY GENERAL; JUDGE                         :   ORDER
   WILLIAMS E. GARNETT; JUDGE KAREN                      :
   WOLFFE; MICHAEL McMAHON, District                     :   18-cv-4585 (BMC) (LB)
   Attorney; ACS DEPARTMENT CHILDRENS                    :
   SERVICE; PROBATION DEPARTMENT,                        :
                                                         :
                          Defendants.                    :
                                                         :
                                                         :
-------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action on August 10, 2018 under 42 U.S.C. § 1983. By order dated August 18, 2018, the Court granted plaintiff's request to proceed *in forma pauperis* but dismissed plaintiff's complaint and granted her 20 days leave to file an amended complaint. The order also provided that if plaintiff failed to timely file an amended complaint, judgment shall enter. On September 14, 2018, the Court granted plaintiff's request for an extension of time to file an amended complaint, until October 22, 2018. On October 19, 2018 and October 22, 2018, the Court received two virtually identical letters from plaintiff, both dated October 10, 2018, asking the Court to accept her lawsuit against the State of New York and Judge William E. Garnett. The Court liberally construes plaintiff's letters as her amended complaint. For the reasons below, this action is dismissed.

## BACKGROUND

Plaintiff's original complaint was largely disjointed and rambling. It stated that plaintiff was involved in a family court action regarding the removal of her daughter as well as prior

criminal actions involving assault, grand larceny, and falsifying documents. Plaintiff did not, however, provide any cogent facts related to those actions. The complaint also alleged that during her time at Rikers Island,[1] plaintiff "sustained a broken arm by force when the captain Robert's 1429 ordered a male officer including a female officer to hand cuff [her] hand which was done with force . . . ."

In her subsequent letters to the Court – which are just as confusing as the original complaint – plaintiff seeks to bring claims against New York State and Acting Supreme Court Justice William E. Garnett in relation to plaintiff's state court criminal assault case. Plaintiff alleges that the District Attorney and Judge Garnett allegedly forced her to take a plea deal in connection with that case.

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

In reviewing a *pro se* complaint, the Court is mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-105 (1976)); see

---
[1] At the time plaintiff filed her complaint, she was being held at the Rose M. Singer Center at Rikers Island, but plaintiff has since been released from custody.

also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after Twombly, the Court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Further, under 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Plaintiff's amended complaint fails to cure the deficiencies in her original complaint. As the Court discussed in its prior ruling, plaintiff may not bring claims against Judge Garnett in connection with her criminal proceedings because such claims are foreclosed by absolute immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009).

Likewise, plaintiff may not bring a claim against the district attorney involved in her criminal proceedings. It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks and citations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citations omitted). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction,

3

which is not the case here.  See Shmueli, 424 F.3d at 237 (quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987)).

Finally, to the extent plaintiff seeks to bring a claim for money damages against the State of New York, such a claim is barred by the Eleventh Amendment.  Under the Eleventh Amendment, a state and its agencies are generally immune from suit in federal court.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54-59 (1996).  There are two exceptions to this general rule: an explicit and unequivocal waiver of immunity by a state or a similarly clear abrogation of that immunity by Congress.  See id.; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  A claim under § 1983 does not abrogate a state's Eleventh Amendment immunity under either exception.  Sandoval v. Dep't of Motor Vehicles State of New York, 333 F.Supp.2d 40, 43 (E.D.N.Y. 2004).

## CONCLUSION

Plaintiff's amended complaint is dismissed for failure to state a claim.  Accordingly, the Clerk of Court is directed to enter judgment.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                         _____
                                                                                               U.S.D.J.

Dated: Brooklyn, New York
       October 31, 2018